Argued and submitted March 5, reversed and remanded May 19, 1993

# SISTERS OF ST. JOSEPH OF PEACE, HEALTH, AND HOSPITAL SERVICES,
a Washington corporation,
dba Sacred Heart General Hospital,
*Respondent,*

*v.*

## William B. WYLLIE,
*Appellant.*

(16-91-04570; CA A75064)

852 P2d 941

Renee M. Stewart, Mill City, argued the cause for appellant. On the briefs was William B. Wyllie, Salem.

Josephine H. Mooney, Eugene, argued the cause for respondent. With her on the brief were Win Calkins and Calkins & Calkins, Eugene.

Before Rossman, Presiding Judge, and Landau and Leeson, Judges.

LANDAU, J.

## LANDAU, J.

Plaintiff Sisters of St. Joseph of Peace, Health and Hospital Services, also known as Sacred Heart General Hospital (Sacred Heart), sued defendant to collect fees for services rendered to him during his hospitalization there. Defendant denied responsibility for the fees and counterclaimed for medical malpractice, false imprisonment and defamation. Sacred Heart moved for summary judgment on both its claim and defendant's counterclaims, which the trial court granted. We reverse.

We review a summary judgment to determine whether the moving party is entitled to judgment as a matter of law. ORCP 47C; *Seeborg v. General Motors Corporation*, 284 Or 695, 699, 588 P2d 1100 (1978). The moving party must establish that there are no genuine issues of material fact. *Park v. Hoffard*, 315 Or 624, 627, 847 P2d 852 (1993). We view the evidence in the light most favorable to the party opposing the motion. *Tolbert v. First National Bank*, 312 Or 485, 494, 823 P2d 965 (1991).

Sacred Heart predicated its summary judgment motion on its claim for fees on the assertion that defendant was admitted on February 23, 1990, on the authority of his temporary guardian, Larry Pound. According to Sacred Heart, Pound provided consent to admission and to the rendering of the services that followed.

In support of those assertions, Sacred Heart offered two documents. The first document was a certified photocopy of a letter of temporary guardianship from the Marion County Probate Department, signed by the Trial Court Administrator, attesting to the fact of Pound's appointment. The second document was a Sacred Heart consent form, dated February 27, 1990. Defendant is designated as the patient. At the signature line, there is what appears to be the signature of some person, but the name of that person appears nowhere on the form. Sacred Heart provided no authentication of the signature as defendant's, his temporary guardian's or anyone else's. By way of affidavit in opposition to Sacred Heart's motion, defendant denied that the signature on the consent form is his and testified that he does not know whose signature appears on the form. He further

testified that he was admitted on February 23, 1990, against his will and without consenting to any treatment, much less agreeing to pay for that treatment.

■ Defendant's affidavit created a genuine dispute concerning the material issue of whether he was admitted to the hospital under the authority of his temporary guardian and, thus, whether there was any consent to treatment. The evidence in support of Sacred Heart's contention that consent was given consists of an unauthenticated consent form signed by an unknown person. Defendant says that the signature is not his, and that he did not consent to admittance or to treatment. Moreover, even assuming that the signature on the consent form is that of the temporary guardian, there remains a question concerning the timing of the guardian's consent. The consent form is dated February 27, 1990, four days after defendant's admission to the hospital. Sacred Heart's own documentation, therefore, fails to establish its entitlement to judgment as a matter of law. The trial court erred in entering summary judgment on Sacred Heart's claim.

■ Sacred Heart's summary judgment motion on defendant's counterclaims rested on testimony that defendant received treatment from physicians who were not employees of the hospital, that Sacred Heart provided all of its services to defendant through its nursing staff and that those services met the appropriate standard of care. Defendant opposed the summary judgment motion with an affidavit, in which he stated that he was held and treated against his will, that the harm he suffered was caused both by the doctors who treated him and by "hospital staff," and that the doctors and the hospital staff lied to him and members of his family about the treatment he received. Defendant also testified that "I have an expert witness who has a Ph.D. in pharmacology" and a medical doctor licensed in Oregon who will testify that treatment he received did not meet the relevant standard of care. By that affidavit testimony, defendant created genuine issues of material fact concerning Sacred Heart's motion.

■ Sacred Heart argues that the affidavit is insufficient, because defendant has not testified that he has "retained" an expert or that the expert is "qualified" to render the testimony described in the affidavit. We disagree. ORCP 47E

provides that, when a party must provide an expert witness to establish an issue of fact, "an affidavit of the party's attorney stating that an unnamed expert has been retained who is available and willing to testify" suffices to defeat a motion for summary judgment. The rule does not require the recitation of any particular words or phrases. Defendant testified that "I have an expert witness" who will give the testimony described in the affidavit. That is sufficient.

■ Sacred Heart also argues that defendant's affidavit is inadequate, because it contains assertions of fact, such as an allegation that the hospital lied to defendant's family, that are not based on personal knowledge. Again, we disagree. The affidavit describes defendant's personal efforts to be released from the hospital and his personal knowledge about statements that were made to him and treatment that he received. That the affidavit also contains an allegation concerning statements to defendant's family does not render the entire affidavit inadequate as a matter of law.

Reversed and remanded.