Argued and submitted March 5, affirmed June 24, 1998

Patricia SURFACE,
*Appellant,*
*and*

James SURFACE,
*Plaintiff,*

*v.*

AMERICAN SPIRIT INSURANCE COMPANIES/
GREAT AMERICAN INSURANCE COMPANIES,
*Respondents.*

(960907133; CA A98377)

962 P2d 717

Nancy F. A. Chapman argued the cause and submitted the briefs for appellant.

Thomas S. Moore argued the cause for respondents. With him on the brief was Stefan W. Farr.

Before De Muniz, Presiding Judge, and Haselton and Linder, Judges.

LINDER, J.

## LINDER, J.

This is a breach of contract action based on defendants' refusal to pay underinsured motorist coverage (UIM) to plaintiff,[1] their insured. Plaintiff was injured in a car accident by the negligent act of a government employee. Her total damages exceeded her recovery from the government tortfeasor, as limited by the Oregon Tort Claims Act (OTCA).[2] The trial court granted defendants' motion for summary judgment, agreeing that defendants had no obligation to pay UIM benefits. We affirm.

In January 1995, plaintiff and two of her children were traveling in their car when they were struck head-on by a vehicle owned by the Beaverton School District and driven by a district employee acting in the course of his employment. Plaintiff suffered serious injuries as a result of the crash, incurring total damages in excess of $1 million. On the basis of a settlement with the school district, she recovered $159,042.53 in damages. That amount represented the total amount legally available to her under the OTCA.[3] Subsequently, plaintiff requested UIM coverage pursuant to her insurance policy issued by defendants for the difference between her recovery from the school district and her total damages amount. Plaintiff's policy included UIM coverage of $1 million per person, per incident.

In defendants' motion for summary judgment, they argued that the school district was not an "underinsured" entity and that plaintiff had recovered all that she was "legally entitled to recover," as those terms are used in the controlling statutes (ORS 742.502 and 742.504) and in the counterpart provisions of the policy issued by defendants. The trial court agreed with both of defendants' arguments and granted their summary judgment motion. On appeal, the

---

[1] Although James Surface was a party to this case below, he is not a party here, and our references to plaintiff in this opinion are to Patricia Surface only.

[2] ORS 30.260 to ORS 30.302.

[3] Of the amount recovered, $100,000 was for noneconomic damages and $59,042.53 was for economic damages. Plaintiff potentially could have recovered approximately $41,000 in additional economic damages under the OTCA (see ORS 30.270(1)(b), 154 Or App at 700). Apparently, however, plaintiff's damages in excess of the settlement amount were noneconomic only.

material facts are undisputed; we therefore review the trial court's summary judgment ruling for errors of law. ORCP 47 C; *Jones v. General Motors Corp.*, 325 Or 404, 420, 939 P2d 608 (1996).

■ The dispositive question involves the interplay between the language "legally entitled to recover" in ORS 742.504(1)(a) and the OTCA's tort claim limits. Resolution of that question, in turn, depends on the meaning of the phrase "legally entitled to recover" and whether the OTCA is a limit on liability or is analogous to a cap on insurance proceeds. Supreme Court precedent provides the answer to both questions.

The phrase "legally entitled to recover" is contained in ORS 742.504(1)(a) and mandates that contracts providing UIM coverage[4] contain the provision at issue here: "The insurer will pay all sums which the insured * * * shall be legally entitled to recover as general and special damages from the owner or operator of an uninsured vehicle." *Id.* In *Vega v. Farmer's Ins. Co.*, 323 Or 291, 918 P2d 95 (1996), the court concluded that the text and context of "legally entitled to recover," as it appears in the statutory scheme, was ambiguous and the phrase could take on either of two meanings. First, it could "require coverage only when the insured is or would be able to obtain a judgment in his or her favor, *i.e.*, prove the requisite elements of a tort *and* overcome available defenses." *Id.* at 304 (emphasis in original). Or, the language could simply require that "the insured be able to prove the basic elements of a tort claim—fault and damages." *Id.* The Supreme Court construed the statute to mean the first—that is, that an insured may recover only to the extent that an action against the tortfeasor would have been "viable." *Id.* at 306. Of particular significance to this case, the court in *Vega* explained by way of footnote:

"[A]s we have construed the legislature's intent, Oregon's UM/UIM statutes were intended only to protect an insured

---

[4] Although ORS 742.504(1)(a) does not use the term "underinsured," ORS 742.502(4) makes ORS 742.504 generally applicable to UIM coverage. *Wright v. State Farm Mutual Auto. Ins. Co.*, 152 Or App 101, 112-13, 952 P2d 73 (1998); *Pitchford v. State Farm Mutual Auto Ins. Co.*, 147 Or App 9, 14-15, 934 P2d 616, *rev den* 325 Or 621 (1997).

to the same extent that he or she would have been protected had the negligent motorist been adequately insured. To allow an insured to recover UM/UIM benefits in instances when the insured could *not* have recovered even if the tortfeasor *had* been adequately insured, such as when the tortfeasor benefited from statutory or common-law immunity from suit, would go beyond that legislative intent." *Id.* at 306 n 14 (emphasis in original).

Thus, the question narrows to whether the OTCA is a limit on liability or merely caps the amount of money that the government will pay, much in the same way that insurance policy limits cap the amount of available insurance proceeds. ORS 30.270 provides, in relevant part:

"(1) Liability of any public body or its officers, employees or agents acting within the scope of their employment or duties on claims within the scope of ORS 30.260 to 30.300 shall not exceed:

"* * * * *

"(b) $100,000 to any claimant as general and special damages for all other claims arising out of a single accident or occurrence unless those damages exceed $100,000, in which case the claimant may recover additional special damages, but in no event shall the total award of special damages exceed $100,000."

By its express terms, the statute provides that "liability" shall not exceed the specified dollar limitations. It therefore operates to define the scope of a government tortfeasor's liability, not just the amount of government funds available to cover that liability. Consistent with the statute's plain language, the Supreme Court has recognized that, when viewed against the backdrop of the government's sovereign immunity, the OTCA effectively serves as a partial waiver of sovereign immunity. *Hale v. Port of Portland*, 308 Or 508, 512-17, 783 P2d 506 (1989); *Espinosa v. Southern Pacific Trans.*, 291 Or 853, 864, 635 P2d 638 (1981). To be sure, the OTCA necessarily limits the amount of damages that an injured party may recover from a government tortfeasor, but it does so only as a necessary consequence of the statute's limitation on liability. By force of the statute, a claim against a government tortfeasor simply is not viable beyond the specified amounts.

We therefore conclude that the trial court properly granted summary judgment in plaintiff's favor. The insurers' obligation to pay UIM coverage is limited to those sums that plaintiff is "legally entitled to recover as general and special damages[.]" ORS 742.504(1)(a). Claimant has received all of the "general and special damages" for which she has a viable claim by virtue of the OTCA's partial waiver of sovereign immunity. A UIM recovery beyond the OTCA's liability limits would violate the underlying principle of ORS 742.504(1)(a) that an insurer's obligation to pay is "coextensive with the responsible party's liability." *Vega*, 323 Or at 306. While plaintiff identifies several policy reasons why insured parties equitably should be entitled to UIM coverage in this circumstance, those arguments appropriately must be addressed to the legislature rather than to the courts.[5]

Affirmed.

---

[5] Because our ground for decision is dispositive, we do not reach the question of whether a government-owned vehicle is an "underinsured" vehicle under the UIM statutes.