Argued and submitted July 8, affirmed November 26, 2003

Susan A. DUE-DONOHUE,
*Appellant,*

*v.*

Sandra L. BEAL, M.D.,
and Douglas A. Hansen, M.D.,
*Respondents,*

*and*

Dwight JOHNSON, M.D.,
and Sacred Heart Medical Center,
aka Sacred Heart Hospital and Peacehealth,
*Defendants.*

16-01-22398; A118924

80 P3d 529

Marianne Dugan argued the cause for appellant. With her on the briefs was Facaros & Dugan.

Lindsey Hughes argued the cause for respondent Sandra L. Beal, M.D. With her on the brief were Donald B. Bowerman, Kirsten S. David, and Bowerman and Boutin, LLP.

Dennis W. Percell argued the cause for respondent Douglas A. Hansen, M.D. With him on the brief were Connie L. Speck and Arnold, Gallagher, Saydack, Percell, Roberts & Potter, P.C.

Before Edmonds, Presiding Judge, and Deits, Chief Judge,* and Schuman, Judge.

SCHUMAN, J.

---

* Deits, C. J., *vice* Kistler, J., resigned.

## SCHUMAN, J.

The trial court dismissed plaintiff's medical malpractice action after granting defendants' motion for summary judgment.[1] The court concluded that the only issues of material fact were raised in an affidavit submitted by plaintiff, a nonattorney acting *pro se*, asserting that she had retained an unnamed qualified expert whose testimony would create a question of fact and that, under the Oregon Rules of Civil Procedure (ORCP), such an affidavit was ineffective because it was not submitted by plaintiff's attorney. As the material facts are undisputed, we review the trial court's action for errors of law. *Surface v. American Spirit Ins. Cos.,* 154 Or App 696, 699, 962 P2d 717 (1998), *aff'd,* 335 Or 356, 67 P3d 938 (2003). We affirm.

ORCP 47 E provides, in part:

> "If a party, in opposing a motion for summary judgment, is required to provide the opinion of an expert to establish a genuine issue of material fact, an *affidavit of the party's attorney* stating that an unnamed qualified expert has been retained who is available and willing to testify to admissible facts or opinions creating a question of fact, will be deemed sufficient to controvert the allegations of the moving party and an adequate basis for the court to deny the motion."

(Emphasis added.) The only issue in this appeal is whether the phrase "party's attorney" includes the party herself, a nonattorney appearing on her own behalf. For a variety of reasons, we conclude that it does not.

Most obviously, the text of the rule distinguishes between "a party" and "the party's attorney." When the legislature uses different terms in the same statute, we infer that it intended them to have different meanings. *State v. Guzek,* 322 Or 245, 265, 906 P2d 272 (1995). If the legislature had intended to allow affidavits from either the party or the party's attorney, it would have used the term "party" throughout, because throughout the Oregon Rules of Civil

---

[1] Plaintiff settled her claims against defendants Johnson and Sacred Heart Hospital. For purposes of this opinion, "defendants" are Beal and Hansen.

Procedure a party is presumed to speak and act through his or her attorney. In other words, if, in using the phrase "party's attorney," the legislature meant that the affidavit could be submitted by the party or the attorney, then the word "attorney" is superfluous, and we should interpret statutes and rules so as to give meaning to every word. *Kankkonen v. Hendrickson*, 232 Or 49, 67, 374 P2d 393 (1962).

Related sections of ORCP 47 reinforce that conclusion. Subsections C, D, and F generally discuss the submission of affidavits:

"C   * * * The *adverse party* shall have 20 days in which to serve and file opposing affidavits * * *.

"D   * * * If the *adverse party* does not so respond, summary judgment, if appropriate, shall be entered against such party.

"* * * * *

"F   Should it appear from the *affidavits of a party* opposing the motion that such party cannot, for the reasons stated, present by affidavit facts essential to justify the opposition * * *."

Those subsections make no distinction between the adverse party and the party's attorney; either the party or the party's authorized representative, the attorney, could serve and file affidavits, fail to respond to a summary judgment motion, or fail to procure affidavits sufficient to oppose summary judgment. However, subsection E does make that distinction. Again, when the legislature uses different language in similar statutory provisions, we presume it to have intended different meanings. *Guzek*, 322 Or at 265; *Thompson v. Estate of Adrian L. Pannell*, 176 Or App 90, 97, 29 P3d 1184 (2001), *rev den*, 333 Or 655 (2002).

Finally, plaintiff's argument that a *pro se* litigant representing herself is an "attorney" for purposes of ORCP 47 E cannot be squared with related statutes dealing with attorneys and *pro se* litigants. ORS 9.310 defines an "attorney" as a person who is "authorized to represent a party in any action, suit or proceeding * * *." ORS 9.320 then provides that "[a]ny action, suit, * * * or proceeding may be prosecuted

by a party in person, *or by attorney* * * *." (Emphasis added.) Thus, the language in those statutes clearly distinguishes between a "party in person" and an attorney.

To the extent that the language of the statute and related statutes leaves any ambiguity, the "legislative history" resolves it. Because the relevant language of ORCP 47 E was drafted by the Council on Court Procedures, submitted to the Legislative Assembly, and adopted without modification, the "legislative history" derives from the proceedings of the council. *Waddill v. Anchor Hocking, Inc.*, 330 Or 376, 382 n 2, 8 P3d 200 (2000), *adhered to on recons*, 331 Or 595, 18 P3d 1096 (2001). In 1981, the council created a subcommittee to address issues related to "abuse" of summary judgment proceedings. Minutes, Council on Court Procedures, Oct 10, 1981, 2. The subcommittee submitted a proposal for amendments to ORCP 47 providing as follows:

> "Whenever the adverse party, to establish the existence of a genuine issue of fact, would be required by affidavit to show facts and opinions of an expert witness who will or may be called to testify at the time of trial, *the adverse party, or his attorney,* may execute an affidavit in opposition to the motion for summary judgment. Any affidavit so executed shall state that the facts and/or opinions necessary to create a genuine issue of fact are within the knowledge of an expert, employed by *the adverse party or his attorney* to testify in the pending action * * *."

Minutes, Summary Judgment Subcommittee, Council on Court Procedures, Jan 23, 1982, Appendix A. (Emphasis added.) A committee member, explaining the purpose of the rule, noted that "the ability of the opposing party to establish an issue regarding a material fact by affidavit *of the attorney* should keep motions which are not filed in good faith from being filed in the first place." Minutes, Summary Judgment Subcommittee, Council on Court Procedures, May 8, 1982 (emphasis added). Subsequently, the council promulgated the rule in its present form, having deleted all references to *the adverse party*. We can therefore conclude that the council deliberately chose not to permit affidavits by parties, and we can speculate with some degree of confidence that the purpose of this choice was to ensure that an affidavit that a "qualified" expert was "willing to testify to admissible facts or

opinions creating a question of fact" came from a person who could be counted on to know what "qualified," "admissible fact," and "question of fact" meant—that is, an attorney. In any event, although the statutory maxim of construction instructing us that we may not "insert what has been omitted," ORS 174.010, is frequently misapplied—after all, any explanation or paraphrase of a statute adds words to it—in cases like this where the drafters have clearly chosen to delete words, we would certainly overstep our interpretive authority to put them back in.

■    Plaintiff nonetheless argues that two of our earlier cases demonstrate that an affidavit from a party is acceptable under ORCP 47 E. Neither of the cases is on point. In *Sisters of St. Joseph v. Wyllie*, 120 Or App 474, 477, 852 P2d 941 (1993), Wyllie argued successfully that the court should have accepted his affidavit stating, "I have an expert witness who has a Ph.D. in pharmacology" and a medical doctor who would testify that the plaintiff delivered substandard care. The plaintiff argued that the affidavit was insufficient under ORCP 47 E because it did not say that Wyllie had "retained" an expert nor that the expert was "qualified." We held that "[t]he rule does not require the recitation of any particular words or phrases." *Id.* at 478. That case does not help plaintiff here. *Sisters of St. Joseph* never raised the issue that plaintiff raises here, and our opinion cannot be read as addressing it.[2]

Plaintiff also relies on a footnote in *Varner v. Eves*, 164 Or App 66, 79 n 8, 990 P2d 357 (1999), *rev den*, 329 Or 650 (2000), to support her position:

> "Although ORCP 47 E refers to an expert retained by counsel, we reject defendant's argument that the affidavit is legally insufficient because it stated that plaintiff—rather than her attorney—retained the expert."

---

[2] Defendant asks us to take judicial notice that Wyllie was, in fact, an attorney and that he represented himself. That information does not appear in our *Sisters of St. Joseph* opinion; it appears in the record of that case. We are not permitted to take judicial notice of matters in the file of another case. *Hood v. Hatfield*, 235 Or 38, 44, 383 P2d 1021 (1963). In any event, although that fact may explain *why* we did not address the issue plaintiff raises here, it is not relevant to our point, which is that we did not address it.

(Citations omitted.) Again, the case is not on point; the issue in *Varner* was whether the affidavit had to specify that the attorney, and not the party, was the person who *retained* the expert, not whether the affidavit had to be submitted by the attorney.

We conclude that the trial court did not err when it refused to consider plaintiff's affidavit.

Affirmed.