Argued and submitted September 8, order on plaintiff's petition for sheriff's sale vacated and remanded; otherwise affirmed December 29, 2004

PREMIER WEST BANK,
*Respondent,*

*v.*

GSA WHOLESALE, LLC;
Gary A. Speaks, individually;
Claudette Speaks, individually;
and Industrial Finance Company,
*Defendants below,*

*and*

Christopher SPEAKS,
individually,
and dba CSA,
*Appellant.*

02-1038-E3; A122917

103 P3d 1169

G. Jefferson Campbell, Jr., argued the cause and filed the briefs for appellant.

Ryan J. Vanderhoof argued the cause for respondent. With him on the brief was Hornecker, Cowling, Hassen & Heysell, L.L.P.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Arnold, Judge pro tempore.

BREWER, C. J.

## BREWER, C. J.

■ In this appeal from an order for sheriff's sale of a residence, we are called on to determine whether ORS 18.536 authorizes a judgment creditor to execute against residential property that the judgment debtor conveyed to a third party after the judgment was entered in the judgment register.[1] Defendant, the grantee of the judgment debtor's residence, assigns error to the trial court's order for the sale of the property. Alternatively, he assigns error to the court's failure to include in the order findings as to whether the property is subject to the homestead exemption provided in ORS 18.395.[2] We review for errors of law, *Lincoln Loan Co. v. City of Portland*, 317 Or 192, 199, 855 P2d 151 (1993), and conclude that the trial court had authority to order the sale. However, because the order did not include the required findings regarding the homestead exemption, we vacate the order and remand for further proceedings.

 In the underlying proceeding, plaintiff obtained a judgment against defendant's father for almost $500,000 in December 2002.[3] By operation of *former* ORS 18.350 (2001), *repealed by* Oregon Laws 2003, chapter 576, section 580,[4] that judgment became a lien in plaintiff's favor against all real property that defendant's father owned in Jackson

---

[1] The 2001 version of the Oregon Revised Statutes applies in this case. In 2003, many of the statutes governing execution of judgments were renumbered. Unless otherwise noted, we refer to the current numbering.

[2] ORS 18.395(1) provides, in part, that a homestead—a residence occupied by the owner or the owner's spouse, parent, or child—is exempt from sale on execution and from the lien of every judgment "to the amount in value of $25,000" and that the exemption is effective "without the necessity of a claim thereof by the judgment debtor."

[3] Christopher Speaks and his father, Gary Speaks, were both defendants in the underlying action. The judgment resulting in the lien against the property that is the subject of this appeal was entered against Gary only. *See* ORCP 67 B. However, Christopher is the sole appellant in this proceeding. In this opinion, we refer to Christopher Speaks as "defendant."

[4] *Former* ORS 18.350 provided, in part, that "from the time of docketing an original or renewed circuit court judgment * * *, such judgment shall be a lien upon all the real property of the judgment debtor within the county where the same is docketed * * *."

County, where the judgment was entered in the court register. In February 2003, defendant's father conveyed his residence to defendant. Defendant paid his father no consideration for the conveyance, but he assumed the mortgage on the property. In May 2003, plaintiff filed a petition under ORS 18.536[5] for an order authorizing the Jackson County sheriff to sell the residence to satisfy the judgment. Pursuant to ORS 18.536(3), the petition included the following allegations:

---

[5] ORS 18.536 provides the procedures by which judgment execution sales of residential real property are ordered. It provides, in part:

"(2) The sheriff may not sell the residential real property or the mobile home of a natural person on execution without an order of the court authorizing the sale.

"(3) The holder of a judgment desiring to have the residential real property or the mobile home of a natural person sold on execution may petition the court for an order authorizing the sheriff to sell. The petition must:

"* * * * *

"(d) Allege whether the property is a homestead or not; and

"(e) If the property is a homestead, allege facts showing that it may nevertheless be sold on execution.

"* * * * *

"(5) Promptly upon the filing of a petition and affidavit as provided in subsections (3) and (4) of this section, the court shall schedule a hearing on the petition, allowing adequate time for notice to the judgment debtor at least 10 days prior to the hearing.

"(6) At least 10 days prior to the hearing on the petition, the petitioner shall cause to be served upon the judgment debtor, in the manner provided by ORCP 7 for service of summons, a true copy of the petition and affidavit and of a notice of the time and place of the hearing in substantially the following form: [There follows a sample notice, the pertinent portions of which are set out below.]

"(7) Whether the judgment debtor appears at the hearing on the petition or not, the court shall try the issues without formal pleadings and shall inquire as to the facts alleged in the petition. The judgment creditor shall have the burden of proof on all issues.

"(8) Except as provided in ORS 18.395(7) and 18.428(9), the court may not authorize the sheriff to sell the property if the court finds:

"(a) That the property is the homestead of the judgment debtor;

"(b) That the judgment is subject to the homestead exemption; and

"(c) That the amount of the judgment was $3,000 or less at the time of entry of the judgment.

"(9) If the court authorizes the sheriff to sell the property, the order of the court shall state whether the homestead exemption applies to the property, and if so, the amount of the exemption."

"D. It is believed that the property is not the homestead of the debtor as it was conveyed to [defendant] postjudgment for no consideration. A title report showing priority of [the] judgment over [defendant's] interest is attached hereto;

"E. Even though the property is a homestead, the property may nevertheless be sold on execution since the judgment sought to be satisfied is in excess of $3,000. It is contended that [defendant] has no homestead exemption since the judgment lien attached to the realty prior to his receipt of any interest in the property and because the judgment debtor is not the purported record owner of the realty."

The trial court notified defendant that it would hold a hearing before deciding whether to issue an order authorizing the sale. The notice stated, in part:

"This is to notify you that [plaintiff's attorney] has asked the court to order the Sheriff to sell your property * * * to satisfy a court judgment that attached as a lien against your property prior to you obtaining any interest therein.

"* * * * *

"The law provides that your property is your homestead if you, or your spouse, dependent parent or dependent child, actually live in it as your home. If you are temporarily absent from the property but intend to move back in, it is still your homestead.

"The law provides that if the property is your homestead, then $33,000 of its value may not be taken to satisfy a judgment against you. In addition, a homestead usually may not be sold to satisfy a judgment for $3,000 or less. However, since you are not the judgment debtor, the moving party, [plaintiff], contends that you have no homestead rights in the realty."

At the hearing, defendant argued that, because his father, the judgment debtor, no longer owned the property, the court could not order the sale under ORS 18.536. He contended that a judgment creditor must file a separate fraudulent transfer action or initiate a creditor's bill proceeding to reach real property that the judgment debtor has sold to a third party after a judgment lien has attached to the property. The

court rejected defendant's argument and granted plaintiff's petition.[6] The order that the court entered does not state whether the homestead exemption applies or whether the court made any findings with respect to the exemption.

On appeal, defendant asserts that, when the lien created by the judgment against his father became effective, the property was subject to the homestead exemption and that the lien attached only to the portion of the property not subject to the exemption. Therefore, in defendant's view, he took the exempt portion of the property free of the lien. He contends, thus, that the court could not order a sale on execution of the judgment lien without determining whether the exemption applied and, ultimately, whether there is any "leviable interest" in the property that plaintiff can reach by execution.[7] The crux of defendant's argument is that there is no statutory procedure by which a court can make that determination in the action in which the judgment was entered if a third party owns the property at the time of execution.

In support of that argument, defendant relies on *Clawson v. Anderson*, 248 Or 347, 434 P2d 462 (1967). In that case, a judgment was entered against Hendricks, a property owner, in 1956. Hendricks filed notice that he claimed a homestead exemption in his residence.[8] The following year, he conveyed the residence to a third party, who in turn sold it to the defendants. *Id.* at 349. In 1964, the judgment creditor

---

[6] We granted defendant's motion to stay enforcement of the order pending the outcome of this appeal.

[7] Defendant ultimately seeks to avoid the sale of the property. After filing this appeal, defendant filed notice of intent to discharge the judgment lien under ORS 18.412, subject to the outcome of this appeal. That statute provides that, if a judgment debtor conveys a homestead, the judgment debtor or the grantee can discharge the judgment lien by proving that no leviable interest exists in the property or by paying the value of any such interest. In his notice, defendant asserted that there is no leviable interest in the property because, together with the amount of the homestead exemption, the amount of the mortgage and other encumbrances that have priority over plaintiff's judgment lien exceed the fair market value of the property.

[8] Before 1981, the homestead exemption was not effective unless the judgment debtor filed a declaration that he or she claimed the exemption after the sheriff levied on the property pursuant to a writ of execution. *Former* ORS 23.270 (1979), *repealed by* Or Laws 1981, ch 840, § 13.

obtained a writ of execution,[9] and the sheriff sold the property to the plaintiff. The defendants claimed that they retained ownership of the property to the extent of the amount of the homestead exemption. The plaintiff claimed ownership of the entire property, arguing that, before conveying it in 1957, Hendricks had abandoned the homestead, thereby waiving the exemption. *Id.* at 349-50.

The Supreme Court rejected the plaintiff's abandonment argument, holding that the homestead exemption remained in effect and that the defendants retained ownership of the portion of the property covered by the exemption. The court stated that a judgment lien attaches only to the quantity and value of property that exceeds the homestead allowance.[10] It stated further:

"A question is presented as to the methods which are available to the creditor for reaching the excess. When the homestead property is held by the homestead claimant, ORS 23.270 provides the procedure for determining and separating the excess in value or quantity from the maximum exemption allowed under ORS 23.250. However, there is no statutory provision establishing the procedure for a determination and separation of the excess when the land is in the hands of the grantee of the homestead claimant."

*Id.* at 350-51 (footnotes omitted). The court held that, although the legislature had failed to provide the necessary procedure, it had not intended "to deny the lien creditor the right to reach the excess over the homestead claim once the property had been conveyed to the homestead claimant's grantee." *Id.* at 351. The court stated, however, that

---

[9] Before the legislature enacted what is now ORS 18.536 in 1981, a judgment creditor was not required to obtain a court order before executing against residential property. A writ of execution, which is issued by the clerk of the court in which the judgment is docketed and by which a judgment creditor can reach all other manner of property, was sufficient. ORS 18.465(1); *former* ORS 23.050 (1979), *repealed by* Or Laws 2003, ch 576, § 580.

[10] *Former* ORS 23.240 (1963), *renumbered as* ORS 18.395 (2003), provided that a homestead was exempt both from sale on execution and from "the lien of every judgment" to the amount in value of the exemption, then $7,500. The statute was amended a number of times before the renumbering in 2003. Except for increases in the amount of the exemption, those amendments are not material here.

"[t]he creditor has no right whatsoever in the land unless there is an excess over and above the homestead exemption, and if there is no excess, there is nothing upon which to levy execution and nothing which can pass to a purchaser at the execution sale. It follows, therefore, that before there is an effective levy of execution, the question of whether an excess is available for levy must be resolved by some kind of a proceeding in which that issue can be raised.

"A proceeding initiated by way of a creditor's bill would seem to be the most appropriate. It would be necessary for the plaintiff to allege in the creditor's bill that an excess existed and the defendant could join issue in his answer. Evidence could then be introduced to establish the value of the property and if it were shown that there was an excess, plaintiff could levy upon it."

*Id.* at 351-52 (footnotes omitted). Because there had been no judicial determination that an excess existed, the court held that the execution sale was void and that title had not passed to the plaintiff. *Id.* at 352-53.

Defendant relies on *Clawson* for the proposition that there is no statutory means by which a judgment creditor can execute against a homestead sold by the judgment debtor after the judgment was entered. He argues that plaintiff must file either a fraudulent conveyance action or a creditor's bill so that he "can be provided due process and an opportunity to defend against [plaintiff's] contention that there is a 'leviable interest' in the property." Plaintiff responds that, when the legislature enacted ORS 18.536 in 1981, it corrected the omission noted in *Clawson* by providing such a means for determining the extent of the leviable interest: ORS 18.536(9) provides, "If the court authorizes the sheriff to sell the property, the order of the court shall state whether the homestead exemption applies to the property, and if so, the amount of the exemption."

We reject at the outset defendant's contention that plaintiff must file a fraudulent conveyance action or a creditor's bill because there is no statutory means by which to determine in the underlying action whether a leviable interest exists in property that the judgment debtor conveyed to a third party after the judgment was entered. After *Clawson* was decided, the legislature took several steps to correct the

problem that the court had noted. First, in 1977, the legislature amended what is now ORS 18.322. Before that amendment, the statute provided that "[t]he judgment debtor's claim of exemption under ORS [18.345 or ORS 18.428] shall, upon application of either plaintiff or judgment debtor, be adjudicated in a summary manner in the court out of which the execution issued * * *." ORS 18.345 and ORS 18.428 provide exemptions for certain items of personal property and for residential mobile homes. Thus, before 1977, ORS 18.322 did not provide for adjudication of exemption claims for real property and therefore was inapposite in *Clawson*. In 1977, the legislature deleted the references to ORS 18.345 and ORS 18.428, thereby making ORS 18.322 applicable to all exemption claims. Or Laws 1977, ch 623, § 5.

Furthermore, in 1981, the legislature enacted House Bill 2677, which significantly changed the execution procedures applicable to residential real property. Or Laws 1981, ch 840. Section 13 of the bill repealed ORS 23.270, the statute providing for determination of homestead exemption claims and requiring that judgment debtors affirmatively claim the exemption in order for it to be effective. In its place, the legislature enacted what is now ORS 18.536. Or Laws 1981, ch 840, § 2. The bill also amended what is now ORS 18.395(1) by adding the following sentence: "The [homestead] exemption shall be effective without the necessity of a claim thereof by the judgment debtor." Or Laws 1981, ch 840, § 5. Section 4 of the bill amended ORS 18.322 to state, "Except as provided in ORS [18.536], the judgment debtor's claim of exemption shall, *upon application of either plaintiff or judgment debtor*, be adjudicated in a summary manner at a hearing in the court out of which the execution issued." (Emphasis added.)

Thus, ORS 18.322 provides that, except for those claims governed by ORS 18.536, all claims of exemption are to be adjudicated at a hearing under ORS 18.322, which can be instituted "upon application of [the] plaintiff." Although each of the pertinent statutes has been amended a number of times since 1981, for present purposes they remain materially identical. Accordingly, there can be no doubt that the legislature has provided a statutory method for determining, in the action in which the underlying judgment was entered, whether a leviable interest exists in real property that the

judgment debtor conveyed to a third party after the judgment was entered. The only question is whether ORS 18.536 applies here. We turn to the parties' arguments addressing that issue.

As noted, defendant contends that ORS 18.536 applies only to property that is still owned by the judgment debtor at the time of execution. Plaintiff asserts that the statute is not so limited, citing ORS 18.536(3), which provides, in part, that "[t]he holder of a judgment desiring to have the residential real property * * * of a natural person sold on execution may petition the court for an order authorizing the sheriff to sell." The parties' arguments center on the meaning of the term "natural person." Plaintiff contends that the term means any human being, whether the judgment debtor or not. In reply, defendant notes that other subsections of ORS 18.536 refer to "the judgment debtor," which, he contends, indicates that the statute applies only to judgment debtors and their property; defendant argues that the legislature used the term "natural person" within that context to distinguish between human and corporate judgment debtors.

The parties' arguments present an issue of statutory construction. To determine the legislature's intent in enacting ORS 18.536, we look to the text of the statute in context and, if necessary, to legislative history and other interpretive aids. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993). The best evidence of the legislature's intent is the text itself. *Id.* at 610. A statute's context includes prior enacted versions of the statute, *City of Salem v. Salisbury*, 168 Or App 14, 25, 5 P3d 1131 (2000), *rev den*, 331 Or 633 (2001), and the preexisting common law and statutory framework within which the law was enacted, *Tyree Oil, Inc. v. BOLI*, 168 Or App 278, 282, 7 P3d 571 (2000).

Although neither ORS chapter 18 nor *former* ORS chapter 23 defines "natural person," the term has a well-defined meaning, and the parties agree that defendant is a natural person. *See Webster's Third New Int'l Dictionary* 1507 (unabridged ed 2002) (defining "natural person" as "a human being as distinguished in law from an artificial or juristic person"). In view of that meaning, the use of the term in ORS 18.536(2) and (3) indicates that the legislature

intended to authorize the sale of residential real property belonging to any natural person, not merely that owned by a judgment debtor. *See PGE*, 317 Or at 611 ("[W]ords of common usage typically should be given their plain, natural, and ordinary meaning."). Defendant's proposed construction would require that the term be read as "natural person who is a judgment debtor." *See* ORS 174.010 (admonishing courts "not to insert what has been omitted" when construing legislative enactments). Thus, the text of the statute supports plaintiff's proposed construction.

■ However, where the context in which a statutory term appears indicates qualifications or limitations on its ordinary meaning, to construe the term more broadly would be to insert what has been omitted from the *substance* of the statute. *See Confederated Tribes (Siletz) v. Employment Dept.*, 165 Or App 65, 74, 995 P2d 580 (2000) ("[W]e may not simply rely on the dictionary definition of a statutory term as conclusive proof of the legislature's intent."); *id.* at 74-77 (holding that context made it possible to read the term "elected public official" more narrowly than its plain meaning indicates, rendering the term ambiguous); *see also State ex rel OHSU v. Haas*, 325 Or 492, 503, 942 P2d 261 (1997) (concluding that context rendered the word "employee" ambiguous in spite of its ordinary meaning). With that caveat in mind, we turn to the context in which the term "natural person" appears to determine whether, as defendant urges, the legislature used the term to limit the class of judgment debtors to which ORS 18.536 applies.

ORS 18.536(5) provides that, upon the filing of a petition for the sale on execution of a residence, the court shall schedule a hearing, "allowing adequate time for notice to the judgment debtor * * *." Subsection (6) provides that "the petitioner shall cause [notice] to be served upon the judgment debtor * * *." Subsection (7) provides that the court shall try the issues and inquire as to the alleged facts, "[w]hether the judgment debtor appears at the hearing on the petition or not * * *." Subsection (8) prohibits the court from authorizing the sale if the court finds, among other things, that "the property is the homestead of the judgment debtor[.]" Defendant argues that those provisions indicate that the statute applies only to judgment debtors and their

property and, thus, the term "natural person" merely distinguishes between corporate and human judgment debtors.

Defendant also relies on ORS 18.552, which was enacted as part of the same bill as ORS 18.536. Or Laws 1981, ch 840, §§ 2, 12. Like ORS 18.536, ORS 18.552 refers to "the sale on execution of the residential real property * * * of a natural person * * *." It provides that, after selling property on execution, the sheriff must give notice of the right to redeem. Subsection (2) requires that the notice "shall be in substantially the following form" and provides a sample notice, which states, in part, "Your property located at _____ has been sold. The property was sold on _____, 2____, to satisfy a court judgment against *you*." (Emphasis added.) Defendant argues that the word "you" in the sample notice demonstrates that the recipient of the notice—the "natural person" who owned the residence—is the judgment debtor.

Defendant's argument misses the point of the legislature's directive that the notice given "shall be in substantially the * * * *form*" of the sample notice. (Emphasis added.) Substituting the name of the judgment debtor for the word "you" when the judgment debtor no longer owns the property at the time of the execution sale would not substantially affect the form of the notice. *Cf.* ORS 18.536(6) (providing sample presale notice that informs the property owner that, among other things, the requested sale is "to satisfy a judgment against _____ ").

■ Moreover, another provision in ORS 18.552 actually undercuts defendant's argument. ORS 18.552(1)(b) provides that the sheriff shall send the notice "to the presale owner of the property * * *." Defendant argues that the legislature used the term "presale owner" to distinguish such persons from post-sale owners, that is, purchasers at an execution sale. He does not explain, however, why the legislature did not simply use the term "judgment debtor," which would have made the same distinction, if the legislature did not contemplate that the recipient might be someone other than the judgment debtor. Ordinarily, when the legislature has used different terms in related statutes, we infer that it intended different meanings. *Due-Donohue v. Beal*, 191 Or App 98,

100, 80 P3d 529 (2003). Thus, the legislature's choice of terms indicates that the "presale owner"—that is, the "natural person" who owned the property—could be someone other than the judgment debtor.

ORS 18.536(6) also supports that conclusion. That statute requires the petitioner to serve notice of the presale hearing on the judgment debtor, but the prescribed notice is to convey, among other things, the following—in "substantially the following form": "If you do not own this property, please give this notice and the papers served with it to the owner." ORS 18.536(6). Thus, ORS 18.536(6) indicates that the legislature contemplated that the judgment debtor—the initial recipient of the notice—might no longer own the property at the time of execution sale.

Other contextual provisions also support plaintiff's proposed construction. *Former* ORS 23.425(1) (1981), *repealed by* Or Laws 2003, chapter 576, section 580, which also was enacted the same year as ORS 18.536, applied to property other than residential real property. It provided, "Following levy by the sheriff pursuant to [ORS 18.478], the sheriff shall promptly mail or deliver [notice] to each *judgment debtor who is not a corporation* at the last-known address of each such judgment debtor." (Emphasis added.) In addition, before the legislature enacted ORS 18.536, the presale notice provision was part of *former* ORS 23.450(2) (1979), *renumbered as* ORS 18.532 (2003).[11] That statute provided that "a noncorporate judgment debtor" was entitled to notice of the sale and of the right to claim the homestead exemption. Plainly, if the legislature intended to limit the procedure provided for in ORS 18.536 to judgment debtors, it knew how to do so explicitly. Because it did not, we infer that the legislature intended the term "natural person" in ORS 18.536 and ORS 18.552 to mean something other than "noncorporate judgment debtor." *Due-Donohue*, 191 Or App at 100.

---

[11] In 1981, the notice provisions applying to sales of residential property were removed from *former* ORS 23.450 (1979) and made part of what is now ORS 18.536. Or Laws 1981, ch 840, §§ 2, 9.

 In sum, the text and context of ORS 18.536 show that the statute applies when a judgment creditor seeks to execute against the residential real property or mobile home of any natural person, whether that person is the judgment debtor or not.[12] It follows that the trial court did not err in proceeding under that statute.

 In his second assignment of error, defendant argues that the trial court erred by failing to state in its order whether the homestead exemption applied to the property and, if so, the amount of the exemption. Plaintiff does not dispute the merits of defendant's argument but contends that defendant failed to preserve the asserted error. In reply, defendant acknowledges that he did not raise the argument before the trial court issued the order authorizing the sale. He argues, however, that, because the wording of ORS 18.536(9) is mandatory, the court was required to apply the exemption whether he raised the issue or not. He also argues that, if he was required to preserve the issue, the asserted error is apparent on the face of the record.

We agree with defendant that, regardless whether he raised the issue, the trial court was required to include in its order findings regarding the homestead exemption. ORS 18.395(1) provides, "The [homestead] exemption shall be

---

[12] We recognize that the construction that we now adopt could lead to certain seemingly unreasonable results. For example, ORS 18.548(5) provides that, whenever real property has been sold on execution, "[i]f, after the satisfaction of the judgment, there are any proceeds of the sale remaining, the court administrator shall pay such proceeds to the judgment debtor * * *." *See also* ORS 18.478(6) (providing that the sheriff shall deliver to the judgment debtor any other remaining property or proceeds after the judgment is satisfied). It seems odd, to say the least, to prescribe payment to the judgment debtor of any property or proceeds remaining after the execution sale if the judgment debtor had previously conveyed his or her interest in the property to someone else. Furthermore, as defendant notes, ORS 18.536(5) and (6) provide that notice of the presale hearing is to be given to the judgment debtor, not to his or her grantee. Although those provisions could lead to unreasonable results, they do not render ORS 18.536 ambiguous. "[W]here a term has an unambiguous meaning, the fact that it could lead to an absurd result does not justify interpreting it to mean something else." *Brundridge v. Board of Parole*, 192 Or App 648, 656, 87 P3d 703, *rev den*, 337 Or 327 (2004); *see also State v. Vasquez-Rubio*, 323 Or 275, 283, 917 P2d 494 (1996) ("When the legislative intent is clear from an inquiry into text and context * * *, it would be inappropriate to apply the absurd-result maxim."). Such apparent inconsistencies are best addressed by the legislature.

effective without the necessity of a claim thereof by the judgment debtor." ORS 18.536(9) provides, "If the court authorizes the sheriff to sell the property, the order of the court *shall* state whether the homestead exemption applies to the property, and if so, the amount of the exemption." (Emphasis added.) Given that those statutes require the trial court to determine whether the exemption applies to the property and to state its findings in the order whether the judgment debtor claims the exemption or not, it would be incongruous to require a homestead owner to raise the issue before the trial court to preserve it for appeal.

Moreover, plaintiff alleged in its petition that the exemption did not apply. Thus, the issue plainly was before the court. ORS 18.536(7) provides, in part, "Whether the judgment debtor appears at the hearing on the petition or not, the court shall try the issues * * * alleged in the petition." The record does not reflect that the court tried the issue, and the order authorizing the sale of defendant's residence does not include the required findings. It follows that the order is invalid. On remand, the trial court shall enter a new order stating whether the homestead exemption applies to the subject property and, if so, the amount of the exemption.

Order on plaintiff's petition for sheriff's sale vacated and remanded; otherwise affirmed.