LAGESEN, J.
*35 This is an action for medical malpractice against defendant Bend Memorial Clinic and its employees, defendants Dr. Dana Rhode and Dr. Francena Abendroth. Plaintiff, who was self-represented below, alleged that Rhode negligently prescribed her Ativan, a benzodiazepine, for a much longer period than medically appropriate, and that Abendroth negligently diagnosed her with, and then treated her for, a seizure disorder rather than recognizing that her seizures were related to plaintiff's withdrawal from Ativan. Plaintiff further alleged that the clinic was negligent for failure to adequately train and supervise its employees. The trial court granted summary judgment to defendants and dismissed the case with prejudice because it concluded that plaintiff had failed to come forward with sufficient evidence to create a dispute of fact as to whether Rhode and Abendroth breached the applicable standard of care. In particular, the court determined that (1) expert testimony was required to *759 prove plaintiff's claims against the doctors; (2) under Due-Donohue v. Beal , 191 Or. App. 98, 102, 80 P.3d 529 (2003), plaintiff, as a self-represented party, could not rely on an ORCP 47 E affidavit to create a factual dispute; and (3) plaintiff's submissions from her ostensible expert, Meret-Carmen, were insufficient to demonstrate that Meret-Carmen was competent to supply the needed expert testimony.
On appeal, plaintiff, who is now represented by counsel, contends that the trial court erred in each respect. She asserts that (1) her medical malpractice claims against Rhode and Abendroth are not the sort for which expert testimony is required; (2) Due-Donohue is wrongly decided and that, as a result, plaintiff's ORCP 47 E affidavit was sufficient to create a genuine issue of fact on her claims; and (3) even if it was not, Meret-Carmen's affidavit sufficed to create a dispute of fact. Plaintiff also contends that her negligent training and supervision claim against the clinic is not the sort that requires expert testimony and that, therefore, the trial court erred in dismissing that claim on summary judgment. We affirm.
We review the trial court's grant of summary judgment to determine whether there is no genuine issue of *36 material fact and whether the moving party is entitled to judgment as a matter of law. ORCP 47 C. "That standard is satisfied when, viewing the evidence in the record and all reasonable inferences that may be drawn from it in favor of the nonmoving party, no reasonable factfinder could return a verdict for the nonmoving party." Chapman v. Mayfield , 358 Or. 196, 204, 361 P.3d 566 (2015). In response to a motion for summary judgment, the nonmoving party bears the burden "to produce evidence on any issue raised in the motion as to which the nonmoving party would have the burden of persuasion at trial." Id . Here, defendants' motion put at issue two elements of plaintiff's claims: breach of the applicable standards of care and causation. Thus, plaintiff, as the nonmoving party, had the burden of producing evidence, including expert evidence if necessary, that would permit an objectively reasonable factfinder to find in her favor on those elements of her claims.
We start with plaintiff's contention that her particular claims did not require expert testimony. It is well established under Oregon law that, "[i]n most medical malpractice cases, expert testimony is required to establish the standard of care." Trees v. Ordonez , 354 Or. 197, 207, 311 P.3d 848 (2013) (citing Getchell v. Mansfield , 260 Or. 174, 179, 489 P.2d 953 (1971) ("In most charges of negligence against professional persons, expert testimony is required to establish what the reasonable practice is in the community.") ). Although expert testimony is not required when the circumstances are such that it would be within the capacity of a lay juror to understand the issues without expert assistance, Fieux v. Cardiovascular & Thoracic Clinic, P.C. , 159 Or. App. 637, 642, 978 P.2d 429, rev. den. , 329 Or. 318, 994 P.2d 123 (1999), this is not such a case.
The standard-of-care issues raised by plaintiff's claims-the appropriate standard for prescribing Ativan and the standards governing the diagnosis of the cause of seizures in a patient with plaintiff's characteristics-involve matters beyond the experience of an ordinary lay juror. Unlike this case, the cases in which we have concluded that expert testimony is not required generally have involved much simpler allegations of medical negligence, typically concerning fairly obvious instances of negligence, *37 such as leaving a sponge, clamp, or other foreign object in a patient following surgery. Id . For that reason, the trial court correctly concluded that plaintiff would be required to introduce expert testimony to prove her particular claims and, more to the point, was required to demonstrate that she had procured the necessary expert testimony in order to avoid summary judgment.[1] *760 Plaintiff's next argument is that the trial court erred when it concluded that plaintiff, as a self-represented party, could not create a dispute of fact by relying on an affidavit submitted under ORCP 47 E, which provides, in part:
"If a party, in opposing a motion for summary judgment, is required to provide the opinion of an expert to establish a genuine issue of material fact, an affidavit or a declaration of the party's attorney stating that an unnamed qualified expert has been retained who is available and willing to testify to admissible facts or opinions creating a question of fact, will be deemed sufficient to controvert the allegations of the moving party and an adequate basis for the court to deny the motion."
However, as plaintiff acknowledges, in Due-Donohue , we held that a self-represented party may not rely on an ORCP 47 E affidavit to defeat a motion for summary judgment. 191 Or. App. at 100, 80 P.3d 529. Construing the phrase "affidavit or a declaration of the party's attorney," in light of its text, context, and legislative history, we concluded that the phrase does not include an affidavit of "the party herself, a nonattorney appearing on her own behalf." Id . Under Due-Donohue , then, the trial court was correct to conclude that plaintiff could not rely on an affidavit from herself containing the recitations otherwise required under ORCP 47 E.
Plaintiff urges us to overrule Due-Donohue , and to hold that the phrase "party's attorney" under ORCP 47 E encompasses a self-represented party acting as her own *38 attorney. However, "we must not, and do not, 'lightly overrule' our precedents, including those construing statutes." State v. Civil , 283 Or. App. 395, 416, 388 P.3d 1185 (2017). Instead, we will overrule a prior decision only if the decision is "plainly wrong," a standard that is "rigorous" and "satisfied only in exceptional circumstances." Id . at 417, 388 P.3d 1185. We start from the assumption that our prior cases were decided correctly, and the party urging us to abandon precedent must affirmatively persuade us to the contrary that a decision is plainly wrong. State v. Silver , 283 Or. App. 847, 852-53, 391 P.3d 962, rev. den. , 361 Or. 886, 403 P.3d 768 (2017).
Here, plaintiff makes reasonable arguments in favor of a different construction of ORCP 47 E. However, those arguments, at best, demonstrate that reasonable minds may differ as to whether our decision in Due-Donohue is correct. But they do not demonstrate affirmatively that a different interpretation is compelled by considerations that were overlooked in Due-Donohue or otherwise. Consequently, plaintiff's arguments fall short of persuading us that the decision is plainly wrong. See Civil , 283 Or. App. at 415, 388 P.3d 1185 ("Mere disagreement, however, is not-and cannot be-a sufficient justification for overruling precedent."). Under those circumstances, whether our decision in Due-Donohue represents a correct interpretation of ORCP 47 E is more appropriately a matter for the Supreme Court, which has not yet addressed the question.
Alternatively, plaintiff asserts that denying her the benefit of ORCP 47 E on account of her self-represented status amounts to a violation of her rights under the state and federal constitutions, and that the trial court erred when it did not recognize those alleged constitutional violations, and remedy them by denying defendants' motion for summary judgment. But plaintiff did not raise those issues below. As a result, they are not preserved for appellate review. See State v. Morrow , 192 Or. App. 441, 444, 86 P.3d 70, rev. den. , 337 Or. 282, 96 P.3d 347 (2004) ("[P ]ro se litigants are bound by the same preservation rules that bind all other parties."). Further, the issues are not subject to plain error review. The legal contentions on which they rest involve complex questions of state and federal constitutional law that are "subject to *39 reasonable dispute." Id . at 446, 86 P.3d 70. That means that any error is not plain. Id .
Finally, plaintiff contends that, even if she cannot rely on an ORCP 47 E affidavit to create a dispute of fact, she submitted evidence demonstrating that she could present the required expert testimony. In support of that argument, she points to an affidavit and letter from Meret-Carmen. In the affidavit, Meret-Carmen opines:
*761 "I am attesting to the fact that [plaintiff's] claim against Dr. Dana Rhode, Dr. Francena Abendroth, and Bend Memorial Clinic is valid. I will testify at trial, if necessary, that the standard of care [plaintiff] received was negligent and ultimately resulted in causing her physical damages."
In the letter accompanying the affidavit, Meret-Carmen states that she has spent four years researching "the use and misuse of benzodiazepines" to write a "forthcoming book," and indicates that she has a master's degree in education.[2]
We agree with plaintiff that the substance of Meret-Carmen's affidavit would suffice to create a genuine issue of fact as to whether defendants breached the standard of care and, if so, whether that breach caused plaintiff to suffer damages. See Baughman v. Pina , 200 Or. App. 15, 17-21, 113 P.3d 459 (2005) (indicating type of expert opinion that can give rise to fact question in medical malpractice case). However, ORCP 47 D requires that a summary judgment affidavit "shall show affirmatively that the affiant or declarant is competent to testify to the matters stated therein." Defendants argue that the submissions from Meret-Carmen are insufficient to demonstrate her competency for purposes of ORCP 47 D.
ORCP 47 D's "requirements are satisfied if, from the content of the affidavit read as a whole, an objectively reasonable person would understand that statements in the *40 affidavit are made from the affiant's personal knowledge and are otherwise within the affiant's competence ." West v. Allied Signal, Inc. , 200 Or. App. 182, 190, 113 P.3d 983 (2005) (emphasis added). Here, Meret-Carmen's affidavit, as supplemented by the letter, does not meet that standard. Put simply, the affidavit does not contain sufficient facts to make it objectively reasonable to conclude that Meret-Carmen has the type of medical or technical expertise to testify regarding the standard of care for prescribing benzodiazepines or for diagnosing and treating seizure disorders. Neither the affidavit nor the letter set forth any facts about Meret-Carmen's training or experience, apart from indicating that she has a master's degree in education and has conducted four years of research to write a book about the "use and misuse of benzodiazepines." But those facts, absent further facts about the nature of Meret-Carmen's research and other qualifications to conduct it, make it entirely speculative to think that she is competent to supply the necessary expert testimony in this medical malpractice case. Accordingly, the trial court was correct to conclude that Meret-Carmen's submissions did not suffice to create a dispute of fact so as to preclude summary judgment.
Affirmed.

Plaintiff separately argues that no expert testimony was required to prove that the clinic was negligent in its training and supervision of the doctors. But that claim, as we understand it, is predicated on the assumption that the doctors, absent the proper training and supervision, failed to meet the applicable standards of care, thereby harming plaintiff. As we have concluded, expert testimony was required to demonstrate that the doctors did not meet the applicable standard of care and, thus, necessarily was required to prove plaintiff's claim against the clinic.

Defendant disputes whether it is permissible for us to consider Meret-Carmen's letter, which was not submitted under oath, in addition to her affidavit, in evaluating whether plaintiff's expert evidence demonstrates a genuine issue of material fact. The record reflects that the trial court took the letter into account. Because it does not affect the ultimate resolution of the matter, we treat the letter as if it were part of Meret-Carmen's declaration in the same manner that the trial court did.