Argued and submitted May 17, reversed and remanded December 19, 2007, petition for review denied April 16, 2008 (344 Or 401)

Brett ARVIDSON,
*Plaintiff-Respondent,*

*v.*

KURAHASHI & ASSOCIATES, INC.,
an Oregon corporation,
*Defendant-Appellant.*

Multnomah County Circuit Court
050808385; A131107

175 P3d 979

Martin M. Fisher argued the cause for appellant. With him on the briefs was Case & Dusterhoff, LLP.

Sharon Kelly argued the cause and filed the brief for respondent.

Before Wollheim, Presiding Judge, and Armstrong and Sercombe, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

Defendant, plaintiff's former employer, appeals a judgment granting plaintiff's motion for summary judgment and awarding damages for defendant's chronic late payment of money that defendant had withheld from plaintiff's wages for child support. The threshold question in this case is one of first impression: whether ORS 25.424(2) gives a child-support obligor a claim to recover damages against an employer that withholds child support from the obligor's pay pursuant to a valid order to withhold, but that fails to timely forward those funds to the state. In an appeal from a judgment granting a motion for summary judgment, we view the evidence and draw all inferences in the manner most favorable to the party opposing the motion to determine if a genuine issue of material fact exists and if the moving party is entitled to judgment as a matter of law. ORCP 47 C; *Jones v. General Motors Corp.*, 325 Or 404, 420, 939 P2d 608 (1997). For the reasons discussed below, we conclude that ORS 25.424(2) does not give a child-support obligor a claim against a withholder for damages sustained due to the withholder's late, but eventual, payments to the state. Accordingly, we reverse.

Defendant employed plaintiff from May 2001 to June 2004. Defendant was duly served with a wage-withholding order under ORS 25.402, requiring it, among other things, to withhold a set portion of plaintiff's wages for child support owed by plaintiff and to pay the withheld wages within seven days to the Department of Justice Child Support Division (state). Over the course of plaintiff's employment, defendant withheld the correct amount from plaintiff's wages but, in 64 instances, paid the state late by periods of a few days to several months. As a result of the late payments, plaintiff paid excess support through garnished tax refunds, lost tax exemptions and credits because the state's records showed delinquent payments, and incurred attorney fees and costs defending litigation initiated by his child's mother and the district attorney. Further, plaintiff alleged that, due to defendant's failure to timely pay the withheld wages to the state, his credit rating was lowered and his reputation with his child and other family members was damaged.

Plaintiff brought an action against defendant for damages under ORS 25.424(2). At the time that plaintiff brought the action, defendant had paid to the state all of the wages that the wage-withholding order had required it to withhold. Both parties moved for summary judgment. The trial court granted plaintiff's motion and denied defendant's motion. Subsequently, the trial court awarded plaintiff $17,398 in damages under ORS 25.424(2)(b), imposed a fine of $16,000 against defendant under ORS 25.424(2)(c), and awarded plaintiff a supplemental judgment under ORS 25.424(2)(c) for reasonable costs and attorney fees.

■ Defendant appeals and assigns error to the trial court's grant of plaintiff's summary judgment motion.[1] Although defendant makes four arguments supporting its appeal, its first argument is dispositive: that the trial court erred by concluding that ORS 25.424(2) gives a child-support obligor a claim for damages against an employer that is late in forwarding withheld wages to the state. We agree with defendant on that ground and, thus, do not reach its other arguments.

Because this is a question of statutory construction, our task is to determine the legislature's intent in enacting ORS 25.424(2). *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). ORS chapter 25 governs child support enforcement; within that chapter, ORS 25.372 through 25.427 supply the rules and procedures for withholding a portion of a child-support obligor's income. The statute at issue here, ORS 25.424(2), identifies, among other things, who can bring an action under those statutes against a liable withholder:

> "The withholder is liable for all amounts that the withholder fails to withhold or pay as required by the order to withhold or withholds or pays in excess of the amount required by the order to withhold. The holder of support rights, the obligor, the Division of Child Support or a district attorney may bring an action against the withholder:

---

[1] Defendant does not assign error to the trial court's denial of its summary judgment motion. Hence, we do not address whether the trial court was correct in denying it. *See Nixon v. Cascade Health Services, Inc.*, 205 Or App 232, 237 n 4, 134 P3d 1027 (2006) (ORAP 5.45 precludes courts from addressing arguments not raised as an assignment of error on appeal).

"(a)   To recover all amounts that the withholder failed to withhold or pay or withheld or paid in excess of the amount required;

"(b)   To recover an additional amount as damages not to exceed the amount referred to in paragraph (a) of this subsection; and

"(c)   If the failure to withhold was willful or the result of gross negligence by the withholder, to have an additional amount imposed as a fine payable to the court not to exceed $250 for each time the withholder failed to withhold or pay or withheld or paid an amount exceeding the amount required and to pay reasonable costs of the action including attorney fees."

Viewing the text of the introductory sentences in isolation, ORS 25.424(2) would appear to establish the basis for a claim of a child-support obligor against a withholder that fails to comply with any requirements of the order. The first sentence establishes withholder liability, including when a withholder "fails to * * * pay as required by the order." A broad reading of that phrase tenably could include instances of withholder noncompliance with the order, such as paying the withholdings late. Further, the beginning of the second sentence simply lists potential plaintiffs; it does not appear to distinguish or limit the circumstances under which a potential plaintiff can bring a claim. Hence, at first glance, ORS 25.424(2) could be interpreted to create a claim for a child-support obligor when the withholder satisfies *any* of the requirements of the first sentence, that is, not only when the withholder withholds too much of the obligor's pay, but also if the withholder simply does not comply with the order's requirements.

However, we do not analyze the text in a vacuum; we also consider the statute in context. Here, relevant context is provided most tellingly by prior-enacted versions of the same statute and by other provisions within the statute. *See State v. Webb*, 324 Or 380, 390, 927 P2d 79 (1996) ("Prior enacted legislative changes are part of a statute's context." (Citations omitted.)); *PGE*, 317 Or at 611 ("[C]ontext * * * includes other provisions of the same statute * * *.").

In our contextual analysis, we begin with the evolution of ORS 25.424(2). In 1993, the legislature enacted *former* ORS 25.363(2) (1993), *renumbered as* ORS 25.424(2) (1999), which provided:

"The withholder is liable for all amounts which the withholder fails to withhold or pay as required by the order to withhold. The holder of support rights, the Support Enforcement Division or a district attorney may bring an action to recover from the withholder:

"(a) All amounts that the withholder should have withheld or failed to pay; and

"(b) An additional amount as damages not to exceed the amount referred to in paragraph (a) of this subsection."

Notably, *former* ORS 25.363(2) did not create a claim for obligors at all. Rather, the statute provided claims only for the holder of support rights (obligee) and the state or district attorney to recover "[a]ll amounts that the withholder should have withheld or failed to pay." *Former* ORS 25.363(2)(a). Additionally, the legislature contemplated that the obligee could incur damages from not receiving the funds, and allowed for those damages capped at the total recoverable amount in paragraph (a). Thus, the statute at that point appeared to contemplate only a claim for an obligee, either on his or her own action or through the state or district attorney, to recover amounts due that the withholder should have withheld or paid, plus damages arising from the withholder's failure to withhold or pay.

In 1999, the legislature amended and renumbered *former* ORS 25.363 to become the statute at issue here, ORS 25.424; specifically, in subsection (2), the legislature made several changes that appear to provide for a limited claim by an obligor under the statute. In the first sentence, the legislature added text establishing withholder liability if it "withholds or pays in excess of the amount required by the order to withhold." Or Laws 1999, ch 80, § 9. Additionally, in the second sentence, the legislature added the obligor as a party who could assert a claim against the withholder, and amended the measure of recovery in paragraph (a) to include "all amounts that the withholder * * * withheld or paid in excess of the amount required."[2] *Id.* Considering that the legislature added one party—obligors—and the specific violation that that party would be concerned about—overwithholding or overpaying support—those additions strongly

---

[2] The 1999 amendments also added the penalty provision that appears in ORS 25.424(2)(c).

suggest that the legislature intended to add a claim under ORS 25.424(2) for the obligor only where the withholder over-withheld the obligor's wages.[3]

The text and context of paragraphs (a) through (c) further support that conclusion. Paragraph (a) allows the party to recover "all amounts that the withholder failed to withhold or pay or withheld or paid in excess of the amount required"; paragraph (b) permits the party "[t]o recover an additional amount as damages not to exceed the amount referred to in paragraph (a) of this subsection"; and para-graph (c) provides for a penalty payable to the court and attorney fees payable to the plaintiff if the withholder acted with willfulness or gross negligence. ORS 25.424(2)(a) - (c). It follows, therefore, that, if a withholder overwithholds an obli-gor's wages, an obligor may recover under paragraph (a) the overage that was rightfully the obligor's. In addition, the obli-gor may seek "an additional amount as damages" under par-agraph (b) if there is a recoverable amount in paragraph (a), which serves as a cap on the recoverable damages in para-graph (b).[4] Finally, an obligor has a potential claim for attor-ney fees, and the court may impose a penalty, if the with-holder acted willfully or with gross negligence.

---

[3] Although we need not reach it, the legislative history of ORS 25.424 supports that interpretation. *See, e.g.*, Tape Recording, House Committee on Judiciary, Sub-committee on Family Law, HB 2324, Apr 10, 1999, Tape 68, Side B (statement of Rep Judy Uherbelau, stating that "[t]he present law * * * says that the withholder, or the employer, is liable to the Support Enforcement Division or a DA or the per-son who is owed the support rights, and what this does is just add one other person the employer can be liable to, and that's to the employer's employee whose wages [the employer is] taking from, if he takes too much"); *id.* (statement of Maureen McKnight, Oregon Legal Services, stating that "we inserted * * * the word 'obligor' so that it was clear that * * * the obligor himself would have standing to say not 'you didn't withhold enough and give me more' but 'you withheld too much, Mr. Employer'").

Plaintiff relies on other statements in the legislative record as support for his contrary interpretation of the statute. We do not think that those statements, when considered in context, can properly be understood to support plaintiff's interpretation.

[4] To the extent that it is necessary to the outcome of this case, we disagree with plaintiff's argument that ORS 25.424(2)(b) creates a claim for a plaintiff to recover damages even if the withholder is not liable for an amount under paragraph (a). The plain text of paragraph (b) is clear: It allows for an "additional" amount as damages to the amount recovered in paragraph (a), and uses the amount calculated in paragraph (a) as a ceiling on the amount recoverable in paragraph (b). Thus, if

In contrast, the measures of recovery in paragraphs (a) through (c) do not flow logically from the theory that ORS 25.424(2) establishes a claim for an obligor against a withholder for any failure by the withholder to comply with the order to withhold. For example, under that reading of the statute, an obligor theoretically could recover wages that were not withheld or that were properly withheld but never paid to the state—in other words, funds that the obligor was *not* entitled to receive in the first place. Likewise, that reading also would mean that the state or obligee could recover funds that were *not* rightfully theirs, such as the overage when a withholder overwithholds from a child-support obligor. Moreover, that reading also might mean that an employer could be liable to both the obligor *and* the obligee for each violation or, alternatively, that the *obligor* could recover wages that were not withheld and thereby foreclose the ability of the *obligee* to recover those wages. Paragraphs (a) through (c) do not support those results, which in essence would impose an arbitrary penalty against the withholder without any relationship to the actual harm or damages sustained by the party bringing the action.[5]

Thus, in light of our contextual review, we conclude that the claim that ORS 25.424(2) creates for a child-support obligor is only one for recovery of amounts that a withholder withheld or paid in excess of the amount required by a wage-withholding order. We conclude that ORS 25.424(2) is unambiguous on that issue.

Here, defendant tardily, but ultimately, forwarded withholdings from plaintiff's wages to the state; it did not withhold or pay in excess of the amounts specified in the order to withhold. Thus, plaintiff does not have a claim against defendant under ORS 25.424(2) to recover damages for defendant's failure to timely pay withheld wages. The

---

the amount recoverable in paragraph (a) is zero, then there can be no recovery in paragraph (b), because any amount would "exceed the amount referred to" in paragraph (a).

[5] We acknowledge that it is foreseeable that a child-support obligor would incur damages due to a withholder's failure to pay withholdings at all or in a timely manner. Although it does not appear, based on our analysis above, that ORS 25.424(2) is the mechanism for relief for those damages, the obligor may be entitled to seek relief by other means. *See* ORS 25.424(4) ("Nothing in ORS 25.372 to 25.427 precludes an action for contempt for disobedience of a judicial order to withhold.").

trial court erred in granting plaintiff's motion for summary judgment.

Reversed and remanded.