561

Argued and submitted July 24, 2014, affirmed March 11, 2015

**MAGNO-HUMPHRIES, INC.,**
an Oregon corporation,
dba Magno-Humphries Laboratories, Inc.,
*Plaintiff-Appellant,*
*v.*

**APEX LABEL & SYSTEMS, INC.,**
dba Tapp Technologies Portland,
*Defendant,*
*and*

**ALS HOLDING, INC.,**
an Oregon corporation,
fdba Apex Label & Systems, Inc.,
dba Tapp Technologies Portland; and
Tapp Technologies, Inc., a foreign business entity,
dba Adams Labels, dba Apex Label & Systems,
*Defendants-Respondents.*

Washington County Circuit Court
C092777CV; A151576

344 P3d 1139

Terrence Kay argued the cause and filed the briefs for
appellant.

Jennifer J. Roof argued the cause for respondents. With her on the brief were Michelle Barton Smigel and Miller Nash LLP.

Before Ortega, Presiding Judge, and DeVore, Judge, and Garrett, Judge.

DEVORE, J.

**DEVORE, J.**

Plaintiff brought an action with limited success for breach of contract against two of three related companies. Plaintiff alleged that it had received defective labels from defendants, ALS Holding, Inc., formerly doing business as Apex Label & Systems, Inc. (Apex), and its parent company, Tapp Technologies, Inc., (Tapp). Plaintiff did not bring a claim against a third company, Adams Labels (Adams), which was inactive, had been a subsidiary of Tapp, and had also sold labels to plaintiff. Plaintiff appeals from the judgment, assigning error to the court's order that granted defendants' motion for partial summary judgment on two issues. First, the order enforced a contract provision that limited plaintiff's damages to the price of the defective labels, $8,304.01, and, second, the order determined that plaintiff has no recourse against defendants for plaintiff's contracts with the non-party Adams.

Given the legal and procedural issues presented, we review for errors of law. *Jones v. General Motors Corp.*, 325 Or 404, 408, 939 P2d 608 (1997). For context, we recount plaintiff's arguments below, but reject plaintiff's arguments on the first issue without written discussion. We address the second issue, but we conclude that plaintiff's arguments involving Tapp's liability for Adams are not supported, so as to present a genuine issue of material fact, or are not properly presented, so as to permit review. In the end, we agree with the trial court on both issues and affirm.

The dispositive facts are undisputed. Plaintiff manufactures vitamins, supplements, and over-the-counter products. Apex prints labels for pharmaceutical companies, and Tapp, the parent corporation, prints wine and food labels. Adams, formerly a subsidiary of Tapp, became inactive after selling its assets to Tapp in a "Distribution Agreement" in December 2006.

Beginning in March 2006, plaintiff purchased labels from Apex through a series of eight purchase orders. Plaintiff purchased labels from non-party Adams in two other purchase orders. In the typical scenario, when plaintiff would ask a price, Apex would respond with a quotation, detailing the quantity, price, and terms, and plaintiff would reply with

a purchase order. The Apex quotation forms included the statement, "Liability for defective product is limited to the price charged for the labels and/or labeling products only." At the time of the transactions, plaintiff did not dispute the provision for limitation of liability. As it happened, the Adams forms lacked such a provision to limit liability.

The labels were double-sided so as to allow a consumer to peel back the label for more information about the product. Plaintiff claimed that, in late 2006, the labels were defective, because they would tear, stick, or not open properly. In 2008, a recall ensued. Plaintiff filed this action against Apex and Tapp, alleging damages of $1,105,000 from the recall, lost net income, and lost future sales.

In the first of three rounds of motions for summary judgment on a variety of issues, the trial court determined that plaintiff owed Apex $34,914.79 for failure to pay for labels. In a second round of motions, plaintiff sought partial summary judgment, contending that parent company Tapp was liable as an assignee who had assumed Adams' responsibility on its label sales. About the same time, Apex and Tapp sought summary judgment, renewing earlier arguments that liability should be limited to the price of the defective labels and reiterating that Tapp was not liable because it had no contract with plaintiff. The court denied the second set of motions.

About six weeks later and six days before trial, plaintiff moved to amend and "clarify" its second amended complaint so as to allege that parent Tapp "is also the assignee of Adams Labels." Defendants objected that the amendment sought to resurrect the unsuccessful argument urged in plaintiff's motion for partial summary judgment that Tapp should be liable for non-party Adams.

When the trial date arrived, defendants reasserted their own earlier motions by means of a motion for rehearing of their summary judgment motions. The court denied plaintiff's motion to amend and granted defendants' motions, thus limiting damages to the labels' price and declaring Tapp not to be liable on the Adams' contracts. Apex filed a confession of judgment in the sum of $8,304.01, the price of defective labels, and the court entered judgment for defendants. The

judgment offset plaintiff's limited damages of $8,304.01 against the unpaid price of labels of $34,014.79, added a discovery sanction against plaintiff of $4,346.28, and made a net money award to defendants of $30,957.06.

On appeal, plaintiff's sole assignment of error is that the trial court erred in granting defendants' renewed motions for partial summary judgment. Plaintiff's arguments are different as to each defendant. As to Apex, plaintiff argues that, in the proverbial "battle of forms" under the Uniform Commercial Code,[1] plaintiff had not accepted the limited liability provision. Plaintiff added that there was a genuine issue of material fact whether the limited liability provision is an "unreasonable" liquidated damages provision.[2] We reject plaintiff's arguments on the Apex contracts without further discussion.

As to parent Tapp, plaintiff first argues that Tapp could not be protected by a limited liability provision when Tapp contended it is not a party to the contracts. The trial court concluded, and we agree, that the evidence left no dispute of material fact that plaintiff engaged in transactions directly with Apex and Adams, not with the parent company Tapp. Therefore, regardless of any limited liability provision in the Apex contracts, Tapp had no contractual relationship with plaintiff and could not be liable to plaintiff for damages under the Apex contracts.

Finally, plaintiff insists that Tapp should be liable on the two Adams contracts, which lacked a liability limitation provision, for the reason asserted in plaintiff's unsuccessful motion for partial summary judgment and the motion to amend the complaint. Plaintiff points to the subsequent "Distribution Agreement" whereby Tapp purchased the assets of Adams, was assigned Adams' receivable revenues and assumed particular, listed liabilities of Adams to third parties. In that asset purchase agreement, plaintiff's name was listed among the receivables, but plaintiff was not listed among the assumed liabilities.

---

[1] The trial court had concluded that the Apex provision for limitation of liability had become a term in the contract. ORS 72.2070(1), (2).

[2] Plaintiff relies on ORS 72.7180(1) (governing provisions on liquidated damages), rather than ORS 72.7190 (governing limitation of remedies). Plaintiff has addressed no arguments as to unconscionability.

Although ordinarily "where one corporation sells or otherwise transfers all of its assets to another corporation, the latter is not liable for the debts or liabilities of the transferor[,]" there are exceptions to the general rule. *Erickson v. Grande Ronde Lbr. Co.*, 162 Or 556, 568, 92 P2d 170 (1939); *see also Tyree Oil, Inc. v. BOLI*, 168 Or App 278, 282, 7 P3d 571 (2000). One exception involves the successor's assumption of a predecessor's liabilities. Plaintiff's final argument would ask us to decide whether the terms of the asset purchase agreement required Tapp implicitly to assume the liability of Adams for future claims that might be asserted by plaintiff, despite the lack of any express assumption of such potential liability.

As it happens, that issue is not properly presented for our review because plaintiff has not assigned as error the trial court's denial of plaintiff's motion to amend the complaint, which would have added the allegation that Tapp was liable as an assignee of, or obligor in Adams' transactions. Nor has plaintiff assigned as error the trial court's denial of plaintiff's motion for partial summary judgment that raised the same issue.

A question or issue to be decided on appeal must be raised in the form of an assignment of error. Under ORAP 5.45(1), "No matter claimed as error will be considered on appeal unless the claim of error * * * is assigned as error in the opening brief in accordance with this rule[.]" To assign error, the appellant must "identify precisely the * * * ruling that is being challenged." ORAP 5.45(3). The challenged ruling should be quoted or contained in the excerpt of record. ORAP 5.45(4)(ii).

Plaintiff has identified in its brief only the trial court's order granting defendants' renewed motions for summary judgment as the ruling being challenged.[3] Consequently, we do not consider plaintiff's final argument regarding Tapp's

---

[3] Even if plaintiff had assigned error, plaintiff has not addressed how the trial court abused its discretion in denying the motion to amend—the motion which would have put squarely at issue the question of Tapp as "assignee" or obligor under the asset purchase agreement. *See Ballard v. City of Albany*, 221 Or App 630, 638, 191 P3d 679 (2008) (reviewing denial of amendment for abuse of discretion). Plaintiff's final argument faces a problem that is more than just the requirements of appellate procedure.

liability. *See, e.g., Chapman v. Mayfield,* 263 Or App 528, 533 n 2, 329 P3d 12, *rev allowed,* 356 Or 400 (2014) (declining to address argument that evidence was inadmissible in the absence of any assignment of error to the trial court's evidentiary ruling); *Arvidson v. Kurahashi & Associates, Inc.,* 217 Or App 74, 77 n 1, 175 P3d 979 (2007), *rev den,* 344 Or 401 (2008) (where defendant assigned error to grant of plaintiff's summary judgment motion only, declining review of the denial of defendant's summary judgment motion).

As to the issues properly presented on appeal, we conclude that the trial court did not err in granting defendants partial summary judgment. Accordingly, we affirm the resulting judgment.

Affirmed.