Argued and submitted January 15, 2016, reversed and remanded June 7, 2017

Clifton J. WILLIAMS, Sr.,
*Plaintiff,*
*and*

Shannon DORTCH,
as personal representative for
the Estate of Clifton J. Williams, Sr.,
*Plaintiff-Appellant,*

*v.*

CBS CORPORATION,
.et al.,
*Defendants,*
*and*

MOORE McCORMACK RESOURCES, INC.,
*Defendant-Respondent.*

Multnomah County Circuit Court
110911475; A158077

398 P3d 411

Richard Grant argued the cause for appellant. On the briefs were Meredith B. Good and Brayton Purcell, LLP.

R. Daniel Lindahl argued the cause for respondent. On the brief were Stephen F. Deatherage, Jeanne F. Loftis, and Bullivant Houser Bailey PC.

Before Ortega, Presiding Judge, and Lagesen, Judge, and Garrett, Judge.

## ORTEGA, P. J.

Plaintiff is the personal representative for the estate of Clifton J. Williams, Sr. Williams worked in Portland's shipyards during the 1950s and later fell ill from asbestos-related diseases. Prior to his death in 2013, Williams filed suit against defendant for negligence, claiming that he had been exposed to asbestos while working on one of defendant's ships in 1957. As relevant to this appeal, defendant moved for summary judgment on the ground that any of its liabilities "that may have existed prior to 1965 were transferred to another company" and, therefore, it could not be held liable for the alleged injuries suffered by Williams in 1957. The trial court granted defendant's motion. Plaintiff appeals the judgment granting the motion, assigning error to the court's determination that no genuine issue of material fact existed on the issue of transfer of liability. In particular, plaintiff contends that the court erred by denying her, the nonmoving party, the benefit of all reasonable inferences. Because we conclude that there is a genuine issue of material fact regarding liability, we reverse and remand for further proceedings.

We begin by recounting the facts that the parties agree are undisputed. Moore-McCormack Lines, Inc., owned the ship where Williams worked in 1957. In 1964, that company, which engaged in various commercial activities, decided to reorganize. As part of that endeavor, Moore-McCormack Lines, Inc., created a wholly-owned subsidiary company to take on all of its shipping-related operations. The parent company was renamed Moore and McCormack Co., Inc., and the subsidiary was named Moore-McCormack Lines, Incorporated. A detailed recitation of what happened next is not necessary to our discussion. Suffice it to say that the parent company was subsequently renamed once more as Moore McCormack Resources, Inc.—the named defendant in this case—and the subsidiary was eventually sold to another company that has since declared bankruptcy.

The matter on which the parties disagree concerns the particulars of the reorganization of the parent company, in part, because the record does not contain the actual agreement through which the reorganization occurred. In

its motion for summary judgment, defendant claimed that, as part of the reorganization, it transferred all of its shipping assets and liabilities to the subsidiary and, thus, it could not be held liable for any injuries allegedly suffered by Williams. To support its claim, defendant submitted an affidavit by Fults, its records custodian, stating that the subsidiary had assumed all of the defendant's liabilities. That affidavit was accompanied by various exhibits documenting the reorganization process, including documents to or from the Maritime Administration, the Maritime Subsidy Board, the United States Secretary of Commerce, and the Securities and Exchange Commission. Defendant further argued that plaintiff's claim should have been addressed through the bankruptcy proceedings of the subsidiary's successor.

Plaintiff, in turn, countered defendant's summary judgment motion by arguing that none of the documents submitted by defendant demonstrated that liabilities were actually transferred. In addition, plaintiff suggested that liabilities could not have been transferred because there was no "qualifying sale" of assets, given that defendant had retained all the capital stock of the subsidiary and $1,000,000 worth of assets. Ultimately, plaintiff claimed, "[t]here was not a full and complete transfer of assets and there is no evidence of a transfer of liabilities."

The trial court agreed with defendant and granted its motion for summary judgment, concluding that, "[a]lthough there is no specific document delineating [defendant's] transfer of liabilities during the creation of the wholly-owned subsidiary, there is significant and cumulative circumstantial evidence that the transfer occurred as part and parcel of the subsidiary's creation[.]" The court noted that the mere absence of an actual record of transfer did not support a finding that the liabilities were not transferred, especially where plaintiff had not pointed to any evidence in the record tending to negate the inferences raised by defendant's evidence.

On appeal, plaintiff argues that the court erred in granting summary judgment to defendant. Plaintiff's primary argument is that the court erred by denying her the benefit of all reasonable inferences. Plaintiff contends, as

she did below, that the affidavit and business records provided by defendant in support of its motion are insufficient to demonstrate that any liabilities were ever transferred or assumed by the subsidiary company. Plaintiff "acknowledges that the documents show the name change and the transfer of assets," but notes that those documents fall short of establishing that the liability for Williams's injuries was ever assumed by any other entity. Plaintiff notes that "[f]rom the absence of documentation [of transfer of liabilities], a reasonable juror could just as readily conclude there is no such evidence." That is, plaintiff implies that defendant should have been able to produce actual evidence of the transfer and assumption of liabilities by the subsidiary if indeed that evidence existed.[1] To expect otherwise, plaintiff suggests, impermissibly places the burden of proving a negative upon plaintiff.[2]

Defendant, in turn, argues that the court properly granted summary judgment, given that there was no genuine issue of material fact as to the issue of liability. Defendant acknowledges that, as the party with the burden of proof at trial regarding the transfer of liability issue, it had the burden "under ORCP 47 C of showing that there was no genuine issue of material fact with respect to that defense when moving for summary judgment." It argues that it could meet that burden through either direct or circumstantial evidence. Defendant argues that it met its burden, in this instance, through significant circumstantial evidence, which, in turn, shifted the burden to plaintiff to produce some evidence showing that a transfer of liabilities

---

[1] Plaintiff relies on ORS 41.580 (stating that an agreement to answer for the debt, default, or miscarriage of another is void unless it is in writing and subscribed by the party to be charged) and ORS 10.095(7) - (8) (jury instruction regarding "less satisfactory evidence") to suggest that, in this case, the evidence presented by defendant would have been legally insufficient for a jury to reach a determination in defendant's favor on the issue of liability.

[2] Plaintiff argues, in the alternative, that, "even if the purported assumption [of liabilities] did occur, [defendant] could not discharge its liability to plaintiff by way of a contract to which plaintiff was not a party." That is, plaintiff contends that, even if the subsidiary assumed defendant's liabilities, defendant "would still need to answer to [p]laintiff's claims here; either by tendering its defense, seeking indemnification, or otherwise having the [subsidiary] meet the obligation." Defendant counters that plaintiff's alternative argument is unpreserved. We agree and do not address that argument further.

did *not* occur. Defendant contends that plaintiff "failed to carry her burden—or even offer any evidence," such that no jury could have found in plaintiff's favor. As such, defendant contends that there was no genuine issue of material fact as to whether defendant transferred its liabilities to its subsidiary. Defendant further responds that plaintiff's argument suggesting that defendant could have presented more conclusive evidence of transfer is unavailing because plaintiff offered no evidence to indicate that defendant indeed has the 1965 purchase agreement or that it was attempting to hide something by failing to produce that agreement. Ultimately, defendant argues that, in order for plaintiff to prevail, a factfinder would have to disbelieve all of the evidence offered by defendant.

On review of the court's grant of summary judgment, we view the evidence in the record in the light most favorable to the nonmoving party to determine whether there are no genuine issues of material fact and whether defendant is entitled to judgment as a matter of law. ORCP 47 C; *Robbins v. City of Medford*, 284 Or App 592, 595-96, 393 P3d 731 (2017) (stating the applicable standard of review). Under ORCP 47 C, no genuine issue as to a material fact exists if no objectively reasonable juror could return a verdict for the adverse party to the motion—here, plaintiff—on the matter that is the subject of the motion for summary judgment.

In this case, defendant acknowledges that it would have the burden of persuasion at trial as to the specific issue of whether it transferred its liability, the subject of its motion. We agree. The general rule in Oregon is that "when one corporation purchases all of the assets of another corporation, the purchasing corporation does *not* become liable for the debts and liabilities of the selling corporation," unless one of four recognized exceptions are met. *Tyree Oil, Inc. v. BOLI*, 168 Or App 278, 282, 7 P3d 571 (2000) (citing *Erickson v. Grande Ronde Lbr. Co.*, 162 Or 556, 568, 92 P2d 170, *reh'g den*, 162 Or 579, 94 P2d 139 (1939)) (emphasis in original). One of those exceptions, and the only one claimed by defendant, is where the purchaser expressly or impliedly agrees to assume the seller's debts. *Id.* Thus, it would be defendant's burden at trial to establish that its subsidiary indeed expressly or impliedly

agreed to assume defendant's liabilities. Put another way, it was not plaintiff's burden to establish that the subsidiary had *not* agreed to assume such liabilities.

Accordingly, our "task on appeal, as circumscribed by our standard of review, is to determine whether the uncontroverted evidence presented by defendant in support of [its] motion for summary judgment is such that all reasonable factfinders would have to find in defendant's favor." *Wieck v. Hostetter,* 274 Or App 457, 470, 362 P3d 254 (2015) (stating the applicable standard of review where the defendant had the burden of proof at trial regarding its affirmative defense). That is, to affirm the court's grant of summary judgment in this case, we must be able to conclude that no reasonable factfinder could reject defendant's claim that it had transferred all of its liabilities that existed prior to 1965 to the subsidiary because the subsidiary expressly or impliedly agreed to assume defendant's liabilities. *See id.* On the record before the court, viewing the evidence in the light most favorable to plaintiff, we conclude that a reasonable factfinder could reject defendant's defense.

The crux of defendant's argument, as framed below, was that it transferred any liability related to Williams's alleged injuries to its subsidiary. However, in order for defendant to be entitled to summary judgment, it had to demonstrate that it transferred the specific tort liability at issue in this case. That is so because, as the Supreme Court has indicated, the word "liabilities" is an "accordion" word "capable of expanding and contracting in [its] connotations." *Erickson,* 162 Or at 569. "Liabilities" could refer to "present, current, future, fixed or contingent debts," and its meaning "in each instance must be determined, not by looking in the dictionaries, but by reading the context, reviewing the transaction, and taking note of the subsequent conduct of the parties who used the equivocal words." *Id.* We conclude that the uncontroverted evidence presented by defendant does not establish that all reasonable factfinders would have to find in defendant's favor, especially where there is no direct evidence of the alleged transfer of liabilities.

Although some of the exhibits attached to Fults's affidavit include broad statements such as, "[defendant] will

transfer all of its present \* \* \* liabilities to a newly formed wholly-owned subsidiary," and the "subsidiary would assume and agree to pay all of the liabilities and obligations of the company," other exhibits, viewed in the light most favorable to plaintiff, tend to suggest that the scope of those liabilities was much narrower. For instance, Exhibit B, which outlines the reorganization plan, includes the following statement:

> "3. In exchange for all of the Capital Stock of the subsidiary company the parent company will transfer to the subsidiary company all of its assets (except $1,000,000 in 'free earnings') and all of its liabilities *at their actual book values as determined by the Maritime Administration*, and without prejudice to any rights of the Internal Revenue Service with respect to such matters."

(Emphasis added.) That statement suggests that the transferred "liabilities" actually refer to fixed prior debts, not the type of tort liability at issue in this case. In light of such evidence, there is a genuine issue of material fact as to whether defendant indeed transferred all tort liability for Williams's alleged injuries to its subsidiary. Therefore, the trial court erred in granting summary judgment to defendant.

Reversed and remanded.