Submitted February 7, affirmed August 26, 2020

Christine D. MORRIS,
*Plaintiff-Appellant,*
*v.*

DENTAL CARE TODAY, P. C.,
an Oregon professional corporation;
Melissa Colasurdo, D. M. D.; and
Jeremiah Leary, D. M. D.,
*Defendants-Respondents.*

Multnomah County Circuit Court
18CV16712; A171076

473 P3d 1137

Plaintiff filed this action for damages against her dental providers, alleging two theories of recovery: (1) professional negligence in the provision of dental services that resulted in the loss of all her teeth and (2) violation of the Oregon Unlawful Trade Practice Act (UTPA) by misrepresenting that dentures "would be of certain quality and proper for use" when they were not. Defendants filed motions for summary judgment supported by expert affidavits, which were granted. The trial court concluded that (1) the doctrine of *res ipsa loquitor* does not apply and that plaintiff failed to meet her burden in opposing defendants' summary judgment motions because she failed to produce supporting expert testimony in the face of defendants' proffered expert testimony on standard of care and causation and (2) the UTPA claim was time barred. Plaintiff appeals both of those determinations. *Held*: The trial court did not err. Plaintiff's UTPA claim was time barred. Her dental negligence claim failed, as a matter of law, because she did not meet her burden to produce expert evidence sufficient to raise a triable issue of fact in the face of defendants' expert affidavits establishing the standard of care and defendants' compliance therewith.

Affirmed.

Thomas M. Ryan, Judge.

Christine D. Morris filed the briefs *pro se*.

Michael T. Stone and Brisbee & Stockton LLC filed the brief for respondents Dental Care Today, P. C., and Melissa Colasurdo, D. M. D.

Elizabeth Schleuning, Thomas J. Payne, and Annyika Corbett filed the brief for respondent Jeremiah Leary, D. M. D.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

MOONEY, J.

Affirmed.

**MOONEY, J.**

Plaintiff filed this action for damages against her dental providers, alleging two theories of recovery: (1) professional negligence in the provision of dental services that resulted in the loss of all her teeth and (2) violation of the Oregon Unlawful Trade Practices Act (UTPA)[1] by misrepresenting that her dentures "would be of a certain quality and proper for use" when they were not. Defendants filed motions for summary judgment supported by expert affidavits, which were granted. The trial court concluded that (1) the doctrine of *res ipsa loquitor* does not apply and that plaintiff failed to meet her burden in opposing defendants' summary judgment motions because she failed to produce supporting expert testimony in the face of defendants' proffered expert testimony on standard of care and causation, and (2) the UTPA claim was time barred. Plaintiff appeals both of those determinations. We conclude that the trial court did not err, and we affirm.

We review the trial court's grant of summary judgment to determine whether there is a genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law. ORCP 47 C. "That standard is satisfied when, viewing the evidence in the record and all reasonable inferences that may be drawn from it in favor of the nonmoving party, no reasonable factfinder could return a verdict for the nonmoving party." *Chapman v. Mayfield*, 358 Or 196, 204, 361 P3d 566 (2015). In response to a motion for summary judgment, the nonmoving party bears the burden "to produce evidence on any issue raised in the motion as to which the nonmoving party would have the burden of persuasion at trial." *Id.*

We begin with plaintiff's UTPA claim. An action brought under the UTPA must be "commenced within one year after the discovery of the unlawful method, act or practice." ORS 646.638(6). The UTPA statute of limitations begins to run when the plaintiff knows or should have known of the allegedly unlawful conduct. *Pearson v. Philip Morris, Inc.*, 358 Or 88, 137, 361 P3d 3 (2015).

---

[1] The UTPA is codified at ORS 646.605 to 646.656.

Plaintiff alleged that she received care from defendants from May 2014 through September 2016 and that she had lost all her teeth by September 2016. In her declaration dated September 12, 2018, she averred that "for two years, I have had no option other than the substandard dentures provided by the defendants." By thus acknowledging that she knew as of September 2016 that the dentures defendants had provided were not, as represented, "of a certain quality and proper for use," plaintiff's declaration established that she knew or should have known by that date of defendants' allegedly unlawful conduct—providing substandard dentures. *See id*. Plaintiff was therefore required to commence her UTPA claim no later than September 2017. ORS 646.638(6). She filed her original complaint on April 27, 2018, and her amended complaint—which alleged the UTPA claim for the first time—on January 11, 2019. Even assuming, without deciding, that the commencement of plaintiff's UTPA action relates back to the date she filed the original complaint, it was beyond the statute of limitations. The trial court did not err in dismissing plaintiff's UTPA claim as time barred.[2]

Moving to plaintiff's negligence claim, the question is whether plaintiff was required to present expert medical testimony in response to the expert affidavits submitted in support of defendants' motions for summary judgment. Once a defendant moves for summary judgment, arguing that the plaintiff cannot establish certain elements of her negligence claim, it is incumbent upon the plaintiff to produce evidence showing that she can, in fact, meet her burden to prove those elements. *Sternberg v. Lechman-Su*, 299 Or App 450, 456, 450 P3d 37 (2019). Here, defendants produced expert testimony establishing the applicable standard of care for dental providers as well as defendants' compliance with that standard. Plaintiff did not submit expert testimony to counter

---

[2] Plaintiff filed a reply brief in this court in which she raises a tolling argument contending that defendants kept her from learning the facts necessary to bring a timely claim. However, plaintiff did not raise that argument in the trial court or in her opening brief on appeal. "We generally will not consider a basis as to why the trial court erred that was not assigned as error in the opening brief but was raised for the first time by way of reply brief." *Clinical Research Institute v. Kemper Ins. Co.*, 191 Or App 595, 608, 84 P3d 147 (2004). Accordingly, we do not consider that argument here.

defendants' testimony, contending instead that the doctrine of *res ipsa loquitor* applies, obviating the need for expert testimony to establish the standard of care, defendants' failure to meet that standard, and causation.

Generally, "'[i]n most medical malpractice cases,[3] expert testimony is required to establish the standard of care.'" *Thorson v. Bend Memorial Clinic*, 291 Or App 33, 36, 419 P3d 756, *rev den*, 363 Or 481 (2018) (quoting *Trees v. Ordonez*, 354 Or 197, 207, 311 P3d 848 (2013)) (brackets in original; footnote added). The rationale behind that rule is that a layperson typically would not know what an "ordinarily careful" physician or dentist would do under the circumstances. And, that is consistent with OEC 702, which permits expert testimony from one with specialized knowledge in order to "assist the trier of fact to understand the evidence or to determine a fact in issue." *Trees*, 354 Or at 207-08 (emphasis omitted). However, "expert testimony is not required when the circumstances are such that it would be within the capacity of a lay juror to understand the issues without expert assistance." *Thorson*, 291 Or App at 36 (citing *Fieux v. Cardiovascular & Thoracic Clinic, P.C.*, 159 Or App 637, 642, 978 P2d 429, *rev den*, 329 Or 318 (1999)). In the context of a medical or dental negligence case, the doctrine of *res ipsa loquitor* permits an inference of negligence without expert testimony where the harm (1) is of the sort that does not usually occur in the absence of negligence, (2) is caused by an instrumentality within the exclusive control of the defendant, and (3) is not due to any voluntary action by the plaintiff. *Jeffries v. Murdock*, 74 Or App 38, 44, 701 P2d 451, *rev den*, 299 Or 584 (1985) (citing *Mayor v. Dowsett*, 240 Or 196, 214, 400 P2d 234 (1965)). This is not such a case.

We do not agree that this is one of those exceptional cases in which a lay juror would readily understand the medical and dental issues without the assistance of expert testimony. The loss of teeth over a period of time, by itself, is

---

[3] In Oregon, the standard of reasonable care required of dentists is similar to that required of physicians. A dentist is under the obligation in treating a patient to exercise such reasonable and ordinary care, skill, and diligence as dentists in good standing in the same or similar community. *Malila v. Meacham*, 187 Or 330, 335-36, 211 P2d 747 (1949).

not the type of harm that generally occurs only in the presence of negligence. Also, the loss of teeth over an extended period of time strongly suggests a lack of exclusive control by defendants and raises questions concerning the potential for contribution by plaintiff. This case stands in stark contrast to the previous cases where we held expert testimony was not required. *See, e.g.*, *Fieux*, 159 Or App at 643-44 (expert testimony not required when a clamp was left in patient's body after surgery); *Piehl v. The Dalles General Hospital*, 280 Or 613, 618-19, 571 P2d 149 (1977) (a jury could assess whether leaving a laparotomy sponge in a patient was negligent); *Mayor*, 240 Or at 215 (the "most obvious illustration of the use of the doctrine [of *res ipsa loquitur*] in medical malpractice cases is, of course, where a foreign object, such as a sponge or a needle, is left in the patient's interior at the time of surgery"). Although plaintiff's theory of negligence is one explanation for the loss of her teeth, there are a number of other potential explanations for that loss, and plaintiff did not present evidence sufficient to create a triable issue of fact that defendants were negligent in their care. Because the doctrine of *res ipsa loquitor* does not apply here, and in the face of defendants' expert affidavit testimony establishing the standard of care and compliance with that standard, plaintiff was required to produce expert medical evidence sufficient to raise a genuine issue of material fact in order to survive summary judgment.

The trial court did not err in granting defendants' motions for summary judgment. Plaintiff's UTPA claim is time barred. Her dental negligence claim fails, as a matter of law, because she did not meet her burden to produce expert evidence sufficient to raise a triable issue of fact in the face of defendants' expert affidavits establishing the standard of care and defendants' compliance therewith.

Affirmed.